**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHARLES OSUWAH, et al., | : | CIVIL ACTION NO. 07-4946 (MLC) |
| Plaintiffs, | : | **O P I N I O N** |
| v. | : | |
| SDI CARD.COM, INC., et al., | : | |
| Defendants. | : | |

**THE PLAINTIFFS** brought this action against the defendants Total Call International, Inc./TCI ("TCI"), SDI Card.Com, Inc. ("SDI"), and Phone Card Liquidation Corp./OTC ("OTC") to recover damages for, inter alia, unjust enrichment.  (Dkt. entry no. 1, Compl.)  The plaintiffs thereafter (1) withdrew their claims against OTC, and (2) added the defendant CVT Prepaid Solutions, Inc. ("CVT") as OTC's successor in interest.  (See dkt. entry no. 35, Pl. Br. at 1; dkt. entry no. 40, Am. Compl.)  The Court also dismissed the claims against TCI at the plaintiffs' request.  (See dkt. entry no. 19, Stip.)  Only CVT and SDI remain as defendants.

**A REVIEW** of the pleadings and the briefs filed in relation to previous motions reveals that the claims against CVT and SDI, although based on the same legal theories, are separate from each other.  There are no allegations that CVT and SDI acted in concert, and the claims against each defendant will require entry of separate judgments.  (See, e.g., Compl. at 4-5; Am. Compl. at 4-5.)  The plaintiffs have placed an undue burden on the judiciary

and the Clerk of the Court by seeking relief under one docket number and paying only one filing fee. It appears that "on just terms", this Court "may . . . sever any claim against a party". See Fed.R.Civ.P. 21.

**THE COURT** intends to (1) dismiss the Amended Complaint to the extent that it may be construed to assert claims against OTC as withdrawn, (2) permit the claims against CVT to proceed — for the moment — under the above-captioned docket number, (3) sever the claims against SDI without prejudice to institute, and pay the requisite filing fee for, a separate action against SDI in this Court with a complaint asserting those claims, and (4) order the plaintiffs to note on the civil cover sheet and new complaint for the separate action that the claims have been severed from the claims proceeding under the above-captioned docket number. The claims against SDI are being severed — not dismissed — and the Court does not intend to substantively affect those claims. A separate action brought against SDI will be deemed to be a continuation of the claims against SDI from the above-captioned docket number for the purposes of the statute of limitations.

**BUT CVT HAS PETITIONED** for bankruptcy relief in the United States Bankruptcy Court for the District of Delaware, and lists the plaintiffs' claims on its Statement of Financial Affairs. (See dkt. entry no. 60, Notice.) See In re CVT Prepaid Solutions, Inc., Bankr. D. Del. No. 09-13731 (CSS), dkt. entry no. 2, Stmt.

**THIS COURT** thus intends to transfer the claims asserted against CVT to the United States District Court for the District of Delaware, with the assumption that those claims will then be referred to the Bankruptcy Court there.  See 28 U.S.C. § 157(a) (stating "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district"); 28 U.S.C. § 1409(a) (stating "proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending"); 28 U.S.C. § 1412 (authorizing transfer of bankruptcy-related action to another district court); Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1212 (3d Cir. 1991) (stating district court should transfer claim to proper district court first, and then claim may be referred to bankruptcy court overseeing bankruptcy case).

**IT APPEARS THAT THE EXTENT** of a bankruptcy court's authority over these claims depends on whether this action is (1) a "core proceeding" or (2) a "non-core proceeding", which is a proceeding that is otherwise related to a case under title 11.  28 U.S.C. § 157(b)(1)-(4); see 28 U.S.C. § 157(b)(1) (stating bankruptcy court may enter orders and judgments in core proceeding); 28 U.S.C. § 157(c)(1) (stating bankruptcy court may only submit proposed findings of fact and conclusions of law to district court in non-

3

core proceeding, and final order or judgment to be entered by district court after considering same); see also Mullarkey v. Tamboer (In re Mullarkey), 536 F.3d 215, 220-21 (3d Cir. 2008) (discussing bankruptcy court's authority).  Such a determination should be made by the Bankruptcy Court upon referral of this action.  See 28 U.S.C. § 157(b)(3) (stating bankruptcy court determines whether matter is core proceeding or related-to proceeding); Certain Underwriters at Lloyd's of London v. Otlowski, No. 08-3998, 2009 WL 234957, at *2 (D.N.J. Jan. 29, 2009) (stating "Section 157(b)(3) calls for the bankruptcy judge to make the initial decision on whether a case is a core proceeding, and its language is not ambiguous"); E. W. Trade Partners v. Sobel WP (In re E. W. Trade Partners), No. 06-1812, 2007 WL 1213393, at *3-*4 (D.N.J. Apr. 23, 2007) (stating same).  The Court will issue an appropriate order.

                                           s/ Mary L. Cooper
                                           **MARY L. COOPER**
                                           United States District Judge

Dated:  March 23, 2010